Exhibit 3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| GTY TECHNOLOGY HOLDINGS, INC., d/b/a CITYBASE SOLUTIONS and CITYBASE, INC. | )<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 2024 CH 04952 |
| WONDERWARE, INC. (d/b/a CORE BUSINESS TECHNOLOGIES), MICHAEL DUFFY, and CHRISTOPHER LEWIS, | )<br>) Calendar 9<br>) |
| Defendants. | ) Hon. Cecilia Horan |

## CORE'S TRADE SECRET INTERROGATORIES TO PLAINTIFF CITYBASE

Defendant CORE, through its counsel, submits this First Set of Interrogatories to Plaintiff CityBase and seeks a response on or before July 19, 2024 or such other date specified by the Court.

1.      Other than the Excel and the Deck, identify with particularity and in detail all "formulas, patterns, devices and compilations of information that are used in [plaintiffs'] business and provide Plaintiffs with actual and potential economic value as a result of not being generally known to other persons" as alleged in Plaintiffs' First Amended Complaint ¶91.
      ANSWER:

2.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "CORE, Duffy, and Lewis are in possession of…through Duffy's and Lewis's improper and unlawful extraction thereof from Plaintiffs' systems" as alleged in Plaintiffs' First Amended Complaint ¶103.
      ANSWER:

3.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "Duffy and Lewis improperly acquired…through Lewis's downloading of the trade secrets and transmitting them to his personal email" as alleged in Plaintiffs' First Amended Complaint ¶95.
      ANSWER:

4.    Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that Duffy "accessed" on his iPhone as alleged in Plaintiffs' First Amended Complaint ¶67.

ANSWER:

5.    Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "Duffy and Lewis have taken and retained…including by virtue of their intimate knowledge of [plaintiffs'] business, which they cannot unlearn – and intend to use these trade secrets to benefit CORE and harm Plaintiffs" as alleged in Plaintiffs' First Amended Complaint ¶67.

ANSWER:

6.    Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that "Duffy and Lewis had access to, were exposed to, and took part in developing" as alleged in Plaintiffs' First Amended Complaint ¶112.

ANSWER:

7.    Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege Duffy and/or Lewis will "inevitably use…for their and CORE's benefit and to Plaintiffs' detriment" as alleged in Plaintiffs' First Amended Complaint ¶113.

ANSWER:

8.    Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs as to which plaintiffs seek injunctive relief unless otherwise identified in response to Interrogatories 1-7 above.

ANSWER:

9.    Identify with particularity and in detail which pages of the Excel are your trade secret.  Your answer should include an identification of the factual basis for your trade secret claim including disclosure of the date the Excel was created, the source of the data for the Excel, whether the data in the Excel was downloaded from governmental resources, whether any of the clients listed in the Excel can be identified from public record searches, whether there are third party resources that will for a fee provide information about your relationship with the clients identified, the identity of the person(s) who contributed to the Excel and the nature of their contribution, the use to which the Excel was put, the persons who received one or more iterations of the Excel, persons with access to the Excel, security protections associated with the Excel, where the Excel features in the overall security protocols you have in place at for your most important data, calculations of the value of the Excel, accounting records in which you value, for any purpose, a trade secret you own.

ANSWER:

10.     Identify with particularity and in detail which pages of the Deck are your trade secret.  Your answer should include an identification of the factual basis for your trade secret claim including disclosure of the date the Deck was created, the source of the data for the Deck, whether the trade secret is based on factual information that is generally known in the public domain, which business concepts expressed in the Deck for the Go To Market Strategy are concepts that are not generally known in the public domain, the identity of the person(s) who contributed to the Deck and the nature of their contribution, the use to which the Deck was put, the persons who received one or more iterations of the Deck, persons with access to the Deck, security protections associated with the Deck, where the Deck features in the overall security protocols you have in place at for your most important data, calculations of the value of the Deck, records of follow-through on the Go To Market Strategy and metrics associated with success, the identity of any client you obtained as a result of the Go To Market Strategy.

ANSWER:

Daniel Lynch
Amy Kanarowski
Lynch Thompson LLP (#60040)                        CORE Business Technologies
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
312-346-1600/312-667-9231 (fax)                    *Daniel Lynch*
docketing@lynchthompson.com                        By: One of its attorneys

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| GTY TECHNOLOGY HOLDINGS, INC., d/b/a | ) | |
| EUNA SOLUTIONS and CITYBASE, INC. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2024 CH 04952 |
| WONDERWARE, INC. (d/b/a CORE BUSINESS | ) | |
| TECHNOLOGIES), MICHAEL DUFFY, and | ) | Calendar 9 |
| CHRISTOPHER LEWIS, | ) | |
| Defendants. | ) | Hon. Cecilia Horan |

## CORE'S TRADE SECRET INTERROGATORIES TO PLAINTIFF EUNA

Defendant CORE, through its counsel, submits this First Set of Interrogatories to Plaintiff Euna and seeks a response on or before July 19, 2024 or such other date specified by the Court.

1.     Other than the Excel and the Deck, identify with particularity and in detail all "formulas, patterns, devices and compilations of information that are used in [plaintiffs'] business and provide Plaintiffs with actual and potential economic value as a result of not being generally known to other persons" as alleged in Plaintiffs' First Amended Complaint ¶91.
ANSWER:

2.     Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "CORE, Duffy, and Lewis are in possession of...through Duffy's and Lewis's improper and unlawful extraction thereof from Plaintiffs' systems" as alleged in Plaintiffs' First Amended Complaint ¶103.
ANSWER:

3.     Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "Duffy and Lewis improperly acquired...through Lewis's downloading of the trade secrets and transmitting them to his personal email" as alleged in Plaintiffs' First Amended Complaint ¶95.
ANSWER:

4.     Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that Duffy "accessed" on his iPhone as alleged in Plaintiffs' First Amended Complaint ¶67.

ANSWER:

5.     Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "Duffy and Lewis have taken and retained…including by virtue of their intimate knowledge of [plaintiffs'] business, which they cannot unlearn – and intend to use these trade secrets to benefit CORE and harm Plaintiffs" as alleged in Plaintiffs' First Amended Complaint ¶67.

ANSWER:

6.     Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that "Duffy and Lewis had access to, were exposed to, and took part in developing" as alleged in Plaintiffs' First Amended Complaint ¶112.

ANSWER:

7.     Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege Duffy and/or Lewis will "inevitably use…for their and CORE's benefit and to Plaintiffs' detriment" as alleged in Plaintiffs' First Amended Complaint ¶113.

ANSWER:

      8.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs as to which plaintiffs seek injunctive relief unless otherwise identified in response to Interrogatories 1-5 above.

      ANSWER:

      9.      Identify with particularity and in detail which pages of the Excel are your trade secret. Your answer should include an identification of the factual basis for your trade secret claim including disclosure of the date the Excel was created, the source of the data for the Excel, the identity of the person(s) who contributed to the Excel and the nature of their contribution, the use to which the Excel was put, the persons who received one or more iterations of the Excel, persons with access to the Excel, security protections associated with the Excel, where the Excel features in the overall security protocols you have in place at for your most important data, calculations of the value of the Excel, accounting records in which you value, for any purpose, a trade secret you own.

      ANSWER:

10.     Identify with particularity and in detail which pages of the Deck are your trade secret.  Your answer should include an identification of the factual basis for your trade secret claim including disclosure of the date the Deck was created, the source of the data for the Deck, whether the trade secret is based on factual information that is generally known in the public domain, which business concepts expressed in the Deck for the Go To Market Strategy are concepts that are not generally known in the public domain, the identity of the person(s) who contributed to the Deck and the nature of their contribution, the use to which the Deck was put, the persons who received one or more iterations of the Deck, persons with access to the Deck, security protections associated with the Deck, where the Deck features in the overall security protocols you have in place at for your most important data, calculations of the value of the Deck, records of follow-through on the Go To Market Strategy and metrics associated with success, the identity of any client you obtained as a result of the Go To Market Strategy.

ANSWER:

Daniel Lynch
Amy Kanarowski
Lynch Thompson LLP (#60040)                    CORE Business Technologies
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
312-346-1600/312-667-9231 (fax)                *Daniel Lynch*
docketing@lynchthompson.com                    By: One of its attorneys