Exhibit 10

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GTY TECHNOLOGY HOLDINGS, INC., d/b/a <br> EUNA SOLUTIONS and CITYBASE, INC. <br> Plaintiffs, <br> v. <br> WONDERWARE, INC. (d/b/a CORE BUSINESS <br> TECHNOLOGIES), MICHAEL DUFFY, and <br> CHRISTOPHER LEWIS, <br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 2024 CH 04952 <br> ) <br> ) Calendar 9 <br> ) <br> ) Hon. Cecilia Horan |

### PLAINTIFFS' ADDITIONALLY SUPPLEMENTED RESPONSES TO DEFENDANT CORE'S TRADE SECRET INTERROGATORIES

Plaintiffs GTY Technology Holdings Inc., d/b/a Euna Solutions ("Euna") and CityBase, Inc. ("CityBase" and, together with Euna, "Plaintiffs"), by and through their undersigned attorneys, submit these Additionally Supplemented Responses to Defendant Wonderware, Inc., d/b/a CORE Business Technologies' ("CORE") First Set of Interrogatories.

These Responses, as additionally supplemented as of the date hereof, are intended to address CORE's inquiry, raised for the first time on August 5, 2024, as to "which plaintiff owns which trade secret." As a general matter, CityBase is a wholly owned subsidiary of Euna. It is well-established that when a parent acquires assets through acquisition of an entity that becomes its subsidiary, those assets—trade secrets included—become the property of the parent. *See, e.g., Burt Dickens & Co. v. Bodi*, 144 Ill.App.3d 875, 881 (1986); *Quality Lighting, Inc. v. Benjamin*, 227 Ill.App.3d 880 (1992). Thus <u>all</u> trade secrets owned by CityBase are owned by Euna, and further supplementation is unnecessary. Nonetheless, Plaintiffs supply additionally detailed supplementation on the source of trade secrets below.

1.      Other than the Excel and the Deck, identify with particularity and in detail all "formulas, patterns, devices and compilations of information that are used in [plaintiffs'] business and provide Plaintiffs with actual and potential economic value as a result of not being generally known to other persons" as alleged in Plaintiffs' First Amended Complaint ¶91.

### CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

**ANSWER:** Plaintiffs object to this Interrogatory insofar as it purports to request the identity of *all* "formulas, patterns, devices and compilations of information that are used in [plaintiffs'] business," which is overbroad and beyond the scope of proper discovery under Illinois Supreme Court Rule 201(c). Plaintiffs will construe this Interrogatory to be limited to those "formulas, patterns, devices and compilations of information that are used in [plaintiffs'] business" that Defendants have, may have, or threaten to misappropriate from Plaintiffs. Plaintiffs further object to the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing Objections, Plaintiffs respond that, in addition to the "formulas, patterns, devices and compilations that are used in [Plaintiffs'] business and provide Plaintiffs with actual and potential economic value as a result of not being generally known to other persons" contained in the Confidential Deck and the Confidential Excel, such information includes Euna's and CityBase's nonpublic customer lists, customer profiles, employee information, prospective customer and leads lists, marketing and business strategies, pricing, contract terms, competitive vulnerabilities, growth plans, technical information, source code, product pipeline, key contract terms. Plaintiffs further respond that Duffy had intimate access to Euna's most sensitive documents and information, relating to Euna's software (including all algorithms, methods, techniques and processes revealed by such software, collectively "Software"), web design, and other technical aspects of their products, business systems, customer needs and requirements documentation, training materials, finances, operations, and compensation and retention of key personnel, key contract terms, and materials and content from Executive Leadership Team meetings. Duffy also has intimate knowledge of Euna's confidential and competitively sensitive financial information. For instance, Duffy has already improperly shared

-2-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM    2024CH04952

his knowledge of Euna's internal confidential valuation figures, and underlying financial performance, for publication in court filings.

Plaintiffs state further, by way of supplementation and further specificity, that Duffy in particular, as CEO and founder of CityBase, had access to the entirety of the CityBase business and thus its confidential records, strategies, and technical information. For instance, Duffy participated in Executive Leadership Meetings multiple times each week when CityBase's core business and strategy decisions were made and its most confidential business and financial matters were discussed. Duffy is accordingly aware of CityBase's sales and marketing strategies, sales and marketing goals, and the drivers of those strategies and goals at CityBase. Duffy is aware of what products CityBase is investing in and those it is not, and he is aware of CityBase's pipeline of products and product features that are forthcoming or under consideration. Duffy and Lewis also have intimate knowledge of CityBase's customers, and each customer's profile as it was developed by CityBase, including clients' preferences, their drivers of sales, and particularized challenges and vulnerabilities with each customer, the disclosure of which to a competitor would be extremely damaging. This vital customer information includes, but is not limited to, important customer profiles and information belonging to CityBase for Chicago, Illinois; New York, New York; San Francisco, California; and Denver, Colorado. And Duffy and Lewis also have intimate knowledge of CityBase's pricing and bidding strategies. Duffy and Lewis also have intimate knowledge of CityBase's confidential and competitively sensitive financial information. Duffy and Lewis also have particularized confidential information about CityBase's financial performance, sales performance, R&D spend and investment, marketing spend, and employee compensation—all of which is confidential would be damaging if known to a competitor. Duffy also has confidential detailed information about CityBase's Software, technical capabilities,

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

methods, and systems, most notably about the inner workings and technological details behind CityBase's novel offering for its cashiering and point of sale systems (as well as its kiosk systems), which involves a unique cellular modem network with technology in place to maintain PCI compliance.

The foregoing is information that Defendants cannot unlearn and will inevitably rely on unless they "possess[] an uncanny ability to compartmentalize information," and that pose an imminent threat in the hands of a competitor due to the "substantial advantage" Defendants will achieve, including "by knowing exactly how [Plaintiffs] will price, distribute, and market [their products] and being able to respond strategically." *See, PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269–1270 (7th Cir. 1995) (applying Illinois law); *see also Strata Marketing Inc. v. Murphy*, 317 Ill. App. 3d 1054, 1070–71 (2000) (finding inevitable disclosure adequately pled where defendant employee "could not operate or function without relying on [employer's] alleged trade secrets"); *Tate & Lyle Ingredients Americas LLC v. Craig*, 2017 IL App (4th) 160886-U, ¶¶ 39–40 (finding irreparable harm flowing from trade secret misappropriation where former employees' roles at a competing business would inevitably lead to their use of plaintiff's trade secrets). This information is of great value to Plaintiffs because it constitutes the entirety of CityBase's competitive, product, and technical strategy and is therefore vital to CityBase's ability to operate their business and differentiate themselves with customers and prospective customers in the marketplace—thus directly contributing to CityBase's ability to generate all of its revenues—and considerable effort was expended in developing such information. The confidential nature of the foregoing is particularly valuable and vital in this context, where in the hands of a competitor like CORE— which actively competes for and, in some instances, shares certain customers with CityBase and has a clear incentive to seek to expand those relationships—such information would be used to

-4-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM    2024CH04952

wholly undermine CityBase's relationships and all competitive advantages that it has invested years to develop.

In addition to the general additionally supplemented point raised at the outset of these Responses regarding Euna's joint ownership of all CityBase assets, including CityBase's trade secrets, Plaintiffs state that other than Euna's financial information, internal valuation, specific customer lists, and prospective customers and leads lists described above, which emanate from Euna's business, the trade secrets and confidential information identified above predominantly emanated from the CityBase subsidiary business.

Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

2.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "CORE, Duffy, and Lewis are in possession of…through Duffy's and Lewis's improper and unlawful extraction thereof from Plaintiffs' systems" as alleged in Plaintiffs' First Amended Complaint ¶103.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."

Subject to and without waiving the foregoing Objections, Plaintiffs respond that, in addition to the trade secrets contained in the Confidential Deck and the Confidential Excel, such documents and information include Euna's and CityBase's nonpublic customer lists, customer profiles, employee information, prospective customer and  leads lists, marketing and business strategies, pricing, contract terms, competitive vulnerabilities, growth plans, technical information,

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

code, product pipeline, and key contract terms. Plaintiffs further respond that Duffy had intimate access to Euna's most sensitive documents and information, relating to Euna's Software, data, web design, and other technical aspects of their products, business systems, customer needs and requirements documentation, training materials, finances, operations, and compensation and retention of key personnel, key contract terms, and materials and content from Executive Leadership Team meetings. Duffy also has intimate knowledge of Euna's confidential and competitively sensitive financial information. For instance, Duffy has already improperly shared his knowledge of Euna's internal confidential valuation figures, and underlying financial performance, for publication in court filings.

Plaintiffs state further, by way of supplementation and further specificity, that Duffy in particular, as CEO and founder, had access to the entirety of the CityBase business and thus its confidential records, strategies, and technical information. For instance, Duffy participated in Executive Leadership Meetings multiple times each week when CityBase's core business and strategy decisions were made. Duffy is accordingly aware of CityBase's sales and marketing strategies, goals, and how CityBase makes these decisions. Duffy is aware of what products CityBase is investing in and those it is not, and he is aware of CityBase's pipeline of products and product features that are forthcoming or under consideration. Duffy and Lewis also have intimate knowledge of CityBase's customers, and each customer's profile as it was developed by CityBase, including client preferences and, in particular, particularized challenges and vulnerabilities with each customer, the disclosure of which to a competitor would be extremely damaging. These include, but are not limited to, important customer profiles and information belonging to CityBase for Chicago, Illinois; New York, New York; San Francisco, California; and Denver, Colorado. And Duffy and Lewis also have intimate knowledge of CityBase's pricing and bidding strategies.

-6-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM    2024CH04952

Duffy and Lewis also have intimate knowledge of CityBase's confidential and competitively sensitive financial information. Duffy and Lewis also have particularized confidential information about CityBase's financial performance, sales performance, R&D spend and investment, marketing spend, and employee compensation—all of which is confidential would be damaging if known to a competitor. Duffy also has confidential detailed information about CityBase's Software, technical capabilities, methods, and systems, most notably about the inner workings and technological details behind CityBase's novel offering for its cashiering and point of sale systems (as well as its kiosk systems), which involves a unique cellular modem network with technology in place to maintain PCI compliance.

The foregoing is information that Defendants cannot unlearn and will inevitably rely on unless they "possess[] an uncanny ability to compartmentalize information," and that pose an imminent threat in the hands of a competitor due to the "substantial advantage" Defendants will achieve, including "by knowing exactly how [Plaintiffs] will price, distribute, and market [their products] and being able to respond strategically." *See PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269–1270 (7th Cir. 1995) (applying Illinois law); *see also Strata Marketing Inc. v. Murphy*, 317 Ill. App. 3d 1054, 1070–71 (2000) (finding inevitable disclosure adequately pled where defendant employee "could not operate or function without relying on [employer's] alleged trade secrets"); *Tate & Lyle Ingredients Americas LLC v. Craig*, 2017 IL App (4th) 160886-U, ¶¶ 39–40 (finding irreparable harm flowing from trade secret misappropriation where former employees' roles at a competing business would inevitably lead to their use of plaintiff's trade secrets). This information is of great value to Plaintiffs because it constitutes the entirety of CityBase's competitive, product, and technical strategy and is therefore vital to CityBase's ability to operate their business and differentiate themselves with customers and prospective customers in the marketplace—thus

-7-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

directly contributing to CityBase's ability to generate all of its revenues— and considerable effort was expended in developing such information. The confidential nature of the foregoing is particularly valuable and vital in this context, where in the hands of a competitor like CORE— which actively competes for and, in some instances, shares certain customers with CityBase and has a clear incentive to seek to expand those relationships—such information would be used to wholly undermine CityBase's relationships and all competitive advantages that it has invested years to develop.

To the extent Interrogatory 2 requests the identity of specific documents extracted by Duffy or Lewis, Plaintiffs state further, by way of supplementation, that their investigation continues. However, that investigation has been impeded by Duffy's destruction of evidence. Based on forensic information recently obtained by Plaintiffs, before returning his CityBase-issued laptop on or about March 20, 2024, Duffy utilized a functionality on that computer to perform a forensically robust deletion of all data on his CityBase hard disk. Unlike processes that leave some residual information, the method Duffy used destroyed all data on the laptop. Duffy undertook this evidence destruction without authorization from or consultation with CityBase. He then returned it on or about March 20, 2024, by which time Duffy was already working for CORE. Duffy's activities while at CityBase were also concealed by the fact that, as CEO, he did not have his CityBase accounts managed (and thus reviewable by an *ex post* forensic review) like other employees were. Plaintiffs therefore require fulsome discovery from every source and medium where Duffy may have discoverable data that he has not yet destroyed, including without limitation all personal electronic devices, backups, cloud storage, and other manner of data storage, including but not limited to computers, cell phones, hard drives, and digital databases to which Duffy has had access. Such sources must also include Duffy's communications with current and former

-8-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

employees of CityBase, to understand the full scope of actual materials taken or retained by Duffy. Plaintiffs, however, also reserve the right to seek any and all spoliation sanctions in connection with Duffy's destruction of evidence. Despite this spoliation, what Plaintiffs currently know, is that Defendants have already conceded that they took the Confidential Deck and the Confidential Excel, which contain trade secret information and are now protected under a Court order. In addition, in the course of this litigation, Duffy has filed non-public information about Euna's internal valuations on the public docket. Defendants were further shown to have accessed CityBase's systems in the months before they resigned. Plaintiffs' forensic review to date has uncovered Duffy's use of DropBox and other applications to access CityBase's systems after the termination of his employment with CityBase. What Duffy accessed remains obscured without discovery, including because Duffy destroyed all evidence of his activities on the one laptop on which he claims he conducted CityBase work. Defendants are also known to have used their personal devices to work on and store CityBase's confidential documents and information. And Duffy in particular founded CityBase and has served as its CEO, overseeing its entire business for nine years (in addition to nearly five years as an Executive Vice President at Euna), establishing the inference that Defendants possess additional materials containing Plaintiffs' trade secrets, which discovery will confirm. Evidence also indicates that others working for Duffy may also have misappropriated confidential and trade secret CityBase or Euna information. For instance, CityBase's senior implementation engineer, James Gates, is known to have downloaded CityBase's engineering planning documents in the days prior to his departure from CityBase to work with Duffy. What is more, Gates's CityBase laptop was also conspicuously wiped before it was turned in to CityBase. Plaintiffs reserve all rights with respect to this and other evidence destruction.

-9-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM    2024CH04952

In addition to the general additionally supplemented point raised at the outset of these Responses regarding Euna's joint ownership of all CityBase assets, including CityBase's trade secrets, Plaintiffs state that other than Euna's financial information, internal valuation, specific customer lists, and prospective customers and leads lists described above, which emanate from Euna's business, the trade secrets and confidential information identified above predominantly emanated from the CityBase subsidiary business.

Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

3.    Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "Duffy and Lewis improperly acquired…through Lewis's downloading of the trade secrets and transmitting them to his personal email" as alleged in Plaintiffs' First Amended Complaint ¶95.

**ANSWER:** Plaintiffs object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."

Subject to and without waiving the foregoing Objections, Plaintiffs respond that the quoted section of paragraph 95 of the First Amended Complaint was primarily based upon the unlawful retention of the Deck and the Excel.  However, to the extent Interrogatory 3 seeks Plaintiffs' position with respect to trade secrets that Defendants improperly acquired or retained, Plaintiffs incorporate their response to Interrogatory 2.

-10-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

4.       Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that Duffy "accessed" on his iPhone as alleged in Plaintiffs' First Amended Complaint ¶67.

**ANSWER:** Plaintiffs object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."   Plaintiffs further object to the extent Defendants misconstrue the referenced allegations in paragraph 67 of Plaintiffs' First Amended Complaint.

Subject to and without waiving the foregoing Objections, Plaintiffs respond that Plaintiffs' investigation into trade secrets Duffy "accessed" from his personal iPhone other than the Confidential Deck and the Confidential Excel is ongoing.  To date, Plaintiffs' investigation has revealed that Duffy's personal iPhone "accessed" CityBase's systems after his resignation from Euna/CityBase.  Plaintiffs do not have access to Duffy's iPhone and Duffy's accounts were not managed like other CityBase employees, such that CityBase could not identify specifically what Duffy did when he accessed CityBase systems with his iPhone.   Discovery will confirm precisely what trade secrets Duffy accessed using his personal iPhone, unless Duffy also destroyed data on his iPhone like he did with his laptop, in which case Plaintiffs will be seeking addition spoliation sanctions.   However, to the extent Interrogatory 4 seeks Plaintiffs' position with respect to trade secrets that Defendants improperly acquired or retained, Plaintiffs incorporate their response to Interrogatory 2.  Plaintiffs reserve the right to revise, supplement, or clarify this response based on

-11-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

5.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege that "Duffy and Lewis have taken and retained…including by virtue of their intimate knowledge of [plaintiffs'] business, which they cannot unlearn – and intend to use these trade secrets to benefit CORE and harm Plaintiffs" as alleged in Plaintiffs' First Amended Complaint ¶67.

**ANSWER:** Plaintiffs object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."

Subject to and without waiving the foregoing Objections, Plaintiffs incorporate their response to Interrogatory 2.  Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

6.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that "Duffy and Lewis had access to, were exposed to, and took part in developing" as alleged in Plaintiffs' First Amended Complaint ¶112.

**ANSWER:**

Plaintiffs object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."

Subject to and without waiving the foregoing Objections, Plaintiffs incorporate their response to Interrogatory 2.  Plaintiffs reserve the right to revise, supplement, or clarify this

-12-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

7.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs that plaintiffs allege Duffy and/or Lewis will "inevitably use…for their and CORE's benefit and to Plaintiffs' detriment" as alleged in Plaintiffs' First Amended Complaint ¶113.

**ANSWER:** Plaintiffs object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."

Subject to and without waiving the foregoing Objections, Plaintiffs incorporate their response to Interrogatory 2.  Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

8.      Other than the Excel and the Deck, identify with particularity and in detail all trade secrets of plaintiffs as to which plaintiffs seek injunctive relief unless otherwise identified in response to Interrogatories 1-5 above.

**ANSWER:**

Plaintiffs object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."

Subject to and without waiving the foregoing Objections, Plaintiffs incorporate their response to Interrogatory 2.  Plaintiffs reserve the right to revise, supplement, or clarify this

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM    2024CH04952

response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

9.      Identify with particularity and in detail which pages of the Excel are your trade secret. Your answer should include an identification of the factual basis for your trade secret claim including disclosure of the date the Excel was created, the source of the data for the Excel, the identity of the person(s) who contributed to the Excel and the nature of their contribution, the use to which the Excel was put, the persons who received one or more iterations of the Excel, persons with access to the Excel, security protections associated with the Excel, where the Excel features in the overall security protocols you have in place at for your most important data, calculations of the value of the Excel, accounting records in which you value, for any purpose, a trade secret you own.

**ANSWER:** Plaintiffs object to this Interrogatory insofar it calls for a description of documents that speak for themselves. Plaintiffs further object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control. Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets." Plaintiffs further object to the Interrogatory as vague and ambiguous because it purports to require the identify of the persons who "contributed to" the Confidential Excel and "the nature of their contribution," and to the extent particular subparts of the interrogatory seek information that is irrelevant and/or unduly burdensome.

Subject to and without waiving the foregoing Objections, Plaintiffs identify the following pages of the Confidential Excel as trade secret: 1–4, 5, 6–11, 12–21, 22–26, 27–29, 30–38, 39–48, 49–56, 57, 58–61, 62–101, 102–113, 114–133, 134, 135, 136, 137.

Plaintiffs state further that the foregoing pages of the Confidential Excel contain compilations of technical and non-technical data, financial data, and lists of actual and potential customers and suppliers, compiled with Plaintiffs' resources and by Plaintiffs' personnel over time from Plaintiffs' internal knowledge of CityBase's and Euna's clients and client targets, as well as

-14-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

information researched by Plaintiffs employees about those clients and potential clients, for use in Plaintiffs sales and marketing planning and strategy, all of which Plaintiffs derive economic value from due to them not being generally known to competitors who would obtain economic value from the Confidential Excel's disclosure or use. Steps that Plaintiffs took to protect the Confidential Excel include requiring all U.S. employees (including Duffy) to enter restrictive covenant agreements, all of which contain confidentiality protections as a material condition of their employment. Euna's Acceptable Use Policy (the "Policy") imposes strict prohibitions on activities that might endanger CityBase or Euna's confidential information (including the Confidential Excel)—for instance, CityBase and Euna employees may not access CityBase and Euna information and/or information systems "from an unauthorized device (a personal computer for example)." The Policy also identifies "[d]ata that [CityBase or Euna] generate[s] that contains un-sanitized and/or un-anonymized Customer Data or other sensitive content" as confidential, proprietary information. The Confidential Excel is replete with un-sanitized and/or un-anonymized customer information. CityBase and Euna's employees, including Duffy and Lewis, are required to submit an annual acknowledgement that they have reviewed the Policy, and CityBase and Euna's systems employ technical controls and monitoring capabilities such that unauthorized activities can (in theory) be forensically investigated.

In addition to the general additionally supplemented point raised at the outset of these Responses regarding Euna's joint ownership of all CityBase assets, including CityBase's trade secrets, Plaintiffs state that other than Euna's financial information, internal valuation, specific customer lists, and prospective customers and leads lists described above, which emanate from Euna's business, the trade secrets and confidential information identified above predominantly emanated from the CityBase subsidiary business.

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM 2024CH04952

Plaintiffs' investigation into the development and use of the Confidential Excel is ongoing. Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

10.     Identify with particularity and in detail which pages of the Deck are your trade secret. Your answer should include an identification of the factual basis for your trade secret claim including disclosure of the date the Deck was created, the source of the data for the Deck, whether the trade secret is based on factual information that is generally known in the public domain, which business concepts expressed in in the Deck for the Go To Market Strategy are concepts that are not generally known in the public domain, the identity of the person(s) who contributed to the Deck and the nature of their contribution, the use to which the Deck was put, the persons who received one or more iterations of the Deck, persons with access to the Deck, security protections associated with the Deck, where the Deck features in the overall security protocols you have in place at for your most important data, calculations of the value of the Deck, records of follow-through on the Go To Market Strategy and metrics associated with success, the identity of any client you obtained as a result of the Go To Market Strategy.

**ANSWER:** Plaintiffs object to this Interrogatory insofar it calls for a description of documents that speak for themselves.  Plaintiffs further object to this Interrogatory the extent that it calls for a description of documents or information within Defendants' possession, custody, or control. Plaintiffs further object to this Interrogatory to the extent it asks for a legal conclusion insofar as it purports to ask Plaintiffs to identify all "trade secrets."  Plaintiffs also object to the Interrogatory as vague and ambiguous because it purports to require the identify of the persons who "contributed to" the Confidential Deck and "the nature of their contribution" and any "follow-through" on the strategy contained in the Confidential Deck and "metrics associated with success," and to the extent particular subparts of the interrogatory seek information that is irrelevant and/or unduly burdensome.

Subject to and without waiving the foregoing Objections, Plaintiffs identify the following pages of the Confidential Deck as trade secret: 2–11, 13–22.

-16-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM    2024CH04952

Plaintiffs state further that the foregoing pages of the Confidential Deck contain customized growth strategies, CityBase-specific sales goals, analyses of how to leverage Euna/CityBase's brand, product marketing techniques, lists of CityBase's targeted industry partners and resellers, CityBase's 2023/24 net revenues, and a contemplated restructured organizational chart—all drafted and compiled with Euna/CityBase resources and by Euna/CityBase personnel over time (including Lewis and Duffy) from Plaintiffs' internal knowledge of the foregoing confidential strategic and customer information, for use in CityBase's sales and marketing planning and strategy—including an "all hands" CityBase strategy meeting, all of which Plaintiffs derive economic value from due to them not being generally known to competitors who would obtain economic value from the Confidential Deck's disclosure or use. Steps that Plaintiffs took to protect the Confidential Deck include requiring all U.S. employees (including Duffy) to enter restrictive covenant agreements, all of which contain confidentiality protections as a material condition of their employment. The Policy imposes strict prohibitions on activities that might endanger CityBase or Euna's confidential information (including the Confidential Deck)—for instance, CityBase and Euna employees may not access CityBase or Euna information and/or information systems "from an unauthorized device (a personal computer for example)." The Policy also identifies "[d]ata that [CityBase or Euna] generate[s] that contains un-sanitized and/or un-anonymized Customer Data or other sensitive content" as confidential, proprietary information. The Confidential Deck is replete with sensitive content, as described above. CityBase and Euna's employees, including Duffy and Lewis, are required to submit an annual acknowledgement that they have reviewed the Policy, and CityBase and Euna's systems employ technical controls and monitoring capabilities such that unauthorized activities can (in theory) be forensically investigated.

-17-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

In addition to the general additionally supplemented point raised at the outset of these Responses regarding Euna's joint ownership of all CityBase assets, including CityBase's trade secrets, Plaintiffs state that other than Euna's financial information, internal valuation, specific customer lists, and prospective customers and leads lists described above, which emanate from Euna's business, the trade secrets and confidential information identified above predominantly emanated from the CityBase subsidiary business.

Plaintiffs' investigation into the development and use of the Confidential Deck is ongoing. Plaintiffs reserve the right to revise, supplement, or clarify this response based on any facts, documents, evidence, or other contentions that may develop or come to Plaintiffs' attention at a later time.

Dated: August 7, 2024                           Respectfully submitted,

                                                _/s/ Timothy R. Farrell_____
                                                Timothy R. Farrell

                                                **ROPES & GRAY LLP**
                                                Firm ID: 47644

                                                Jeffrey J. Bushofsky
                                                Timothy R. Farrell
                                                191 North Wacker Drive
                                                32nd Floor
                                                Chicago, Illinois 60606
                                                Tel: (312) 845-1200
                                                Fax: (312) 845-5500
                                                jeffrey.bushofsky@ropesgray.com
                                                timothy.farrell@ropesgray.com

                                                Gregory L. Demers (*pro hac vice*)
                                                Jane McGraw (*pro hac vice*)
                                                Daniel Murphy (*pro hac vice*)
                                                Prudential Tower, 800 Boylston Street
                                                Boston, MA 02199-3600
                                                Tel: (617) 951-7000

-18-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

Fax: (617) 951-7050
gregory.demers@ropesgray.com
jane.mcgraw@ropesgray.com
daniel.murphy@ropesgray.com

Ethan M. Weinberg (*pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-9000
Fax: (212) 596-9090

*Attorneys for Plaintiffs GTY Technology
Holdings Inc. and CityBase, Inc.*

-19-

**CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER**

FILED DATE: 8/13/2024 3:55 PM   2024CH04952

## <u>VERIFICATION OF INTERROGATORY RESPONSES</u>

I certify that I have read the foregoing answers and, based on reasonable inquiry, that such answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2024

_____
Tommy Amburgey, Jr.

-20-

<u>CONFIDENTIAL – PRODUCED PURSUANT TO FORTHCOMING PROTECTIVE ORDER</u>