Exhibit 12

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED
8/13/2024 2:03 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04952
Calendar, 9
28927891

FILED DATE: 8/13/2024 2:03 PM 2024CH04952

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GTY Technology Holdings, Inc. d/b/a Euna Solutions and CityBase, Inc.<br>    Plaintiffs,<br>  v.<br>Wonderware, Inc. d/b/a CORE Business Technologies, Michael Duffy, and Christopher Lewis,<br>    Defendants. | Case No. 24 CH 04952 |

**LEWIS' JOINDER IN CORE AND DUFFY'S EMERGENCY
MOTION TO STRIKE TRADE SECRETS ISSUES FROM THE
UPCOMING PRELIMINARY INJUNCTION HEARING BASED ON
<u>PLAINTIFFS' FAILURE TO HONOR THE COURT'S JULY 26 ORDER</u>**

Defendant Christopher Lewis respectfully joins CORE and Duffy's Emergency Motion to Strike Trade Secrets Issues from the Upcoming Preliminary Injunction Hearing Based on Plaintiffs' Failure to Honor the Court's July 26 Order (the "Second Emergency Motion"), filed on August 8, 2024.

In their initial discovery responses, plaintiffs provided conclusory descriptions of their trade secrets. On July 26, 2024—in response to an earlier emergency motion—the Court ordered plaintiffs to provide complete disclosure of their trade secrets considering the looming preliminary injunction hearing scheduled for October 31, 2024. Plaintiffs violated the Court's July 26-order. Rather than provide complete answers to interrogatories, on August 2 and again on August 8 plaintiffs served amended answers containing effectively identical masses of vague jargon. Lewis cannot prepare for trial with these answers. Given that *plaintiffs* have pushed defendants and this Court to adopt an accelerated timeline, the Court should exclude trade secrets from the preliminary injunction trial.

Lewis adopts the arguments made by CORE and Duffy, but makes two additional arguments. *First*, 735 ILCS 5/11-101 requires a preliminary injunction to be set forth in a written order

that is "specific in terms" and "describe[s] in reasonable detail, and not by reference to the complaint or other document, the *act* or *acts* sought to be restrained." (Emphasis added.) The prayer in plaintiffs' renewed PI motion is not "specific in terms" and does not tell defendants *what to do*, aside from the shapeless directive to stop using unspecified "trade secrets." Plaintiffs' PI and motion to dismiss briefs add nothing. The Court cannot enter—let alone enforce—an injunction without disclosure of the actual trade secrets at issue. Without them, the Court cannot order defendants to take or refrain from *specific acts* or tell whether defendants have violated an order, making this entire exercise futile.

*Second*, after CORE and Duffy filed the Second Emergency Motion, plaintiffs filed responses to defendants' motions to dismiss. In response to CORE and Duffy's motion, plaintiffs indicate that one reason plaintiffs have not disclosed their trade secrets is lack of time to develop them. Plaintiffs' excuse is absurd. At the threshold, plaintiffs are not just asking the Court to defer dismissal in the hopes of fishing for a claim in discovery. That would be bad enough. They are asking for *a preliminary injunction related to trade secrets*—a request the parties and the Court cannot even *address* until plaintiffs identify the secrets. At any rate, the following timeline establishes that Plaintiffs have been investigating their claims for more than *five* months, and do not need any more time. Plaintiffs reported that they began conducting a forensic investigation long before this litigation began, and have reported that they have continued the forensic investigation while the lawsuit has been ongoing:

| Date | Event |
|---|---|
| March 2024 | Duffy returned his laptop. |
| April 4, 2024 | Plaintiffs' counsel indicated concern over trade secrets and explained the existence of ongoing investigation in several letters. For example, the letter to Duffy states: "The Company is currently investigating the circumstances surrounding all these departures and preparing for litigation to enforce the Com- |

FILED DATE: 8/13/2024 2:03 PM 2024CH04952

| Date | Event |
|---|---|
|  | pany's contractual rights and to protect the Company's trade secret and confidential information." Ex. C to CORE & Duffy Opposition to Plaintiffs' TRO Motion. |
| May 8, 2024 | Plaintiffs' counsel, in additional letters, indicated concern over the Excel and the Deck and explained an ongoing investigation. For example, a letter sent to Lewis stated that "although the Company's investigation is ongoing, Euna has evidence that you have misappropriated its confidential information." Ex. 3 to Amburgey Decl. filed on Jun. 10, 2024. |
| May 24, 2024 | Plaintiffs filed their complaint stating explicitly that they were undertaking an investigation into the theft of trade secrets. Compl. ¶ 60. Facts alleged include references to purported trade secrets other than the Excel and the Deck, and Plaintiffs' internal security measures that allow Plaintiffs to track data leaving control of Plaintiffs. |
| May 29, 2024 | Plaintiffs filed preliminary injunction motions (one against CORE/Duffy and one against Lewis) indicating investigation into underlying facts. The supporting briefs expressly stated: "[a]lthough Plaintiffs' investigation continues, Defendants are already known to have absconded with Plaintiffs' detailed analyses of markets and customers, product pipelines, acquisition targets, and specific customer leads." (CORE/Duffy Motion Memo. at 1; Lewis Motion Memo. at 1.) |
| June 10, 2024 | Plaintiffs filed their amended complaint again stating that they were undertaking an investigation into the theft of trade secrets. FAC ¶ 67. The amended complaint expressly stated that there are trade secrets other than the information contained in the Excel and the Deck. Allegations included about Plaintiffs' internal security measures that allow Plaintiffs to track data leaving control of Plaintiffs.<br><br>Plaintiffs also filed a motion for TRO indicating investigation into the trade secrets issues. The supporting brief repeated the statement: "[a]lthough Plaintiffs' investigation continues, Defendants are already known to have absconded with Plaintiffs' detailed analyses of markets and customers, product pipelines, acquisition targets, and specific customer leads." (Memo. at 2.) |
| July 22, 2024 | Plaintiffs filed a renewed PI Motion indicating that plaintiffs were engaging in a "continuing investigation." (Jul. 22, 2024 Renewed PI Motion at 2 n.1.) The motion included more references to purported trade secrets other than the Excel and the Deck and to internal security measures that allow Plaintiffs to track data leaving control of Plaintiffs. |
| July 31, 2024 | Plaintiffs' counsel reported to the Court during a hearing that they were engaged in ongoing forensic reviews. (*See* Transcript, Ex. 1 to Second Emergency Motion, p. 5-6, 8, 22-23.) |
| August 5, 2024 | Plaintiffs filed a renewed PI Motion again indicating that plaintiffs were engaging in a "continuing investigation." (Aug. 5, 2024 Renewed PI Motion at 2 n.1.) The renewed motion included more references to purported trade secrets other than the Excel and the Deck and to internal security measures that allow Plaintiffs to track data leaving control of Plaintiffs. |

3

FILED DATE: 8/13/2024 2:03 PM    2024CH04952

Each of these events represented either a direct or implicit promise that an investigation into what trade secrets had left control of plaintiffs was ongoing. Given the extensive details plaintiffs *already* have alleged, if plaintiffs had a viable trade secrets claim, we would know, especially because the Illinois Trade Secrets Act is the only real basis for the injunction plaintiffs seek.

WHEREFORE, Lewis asks the Court to grant the Second Emergency Motion and strike all trade secrets claims from the preliminary injunction hearing set for October 31, 2024.

Dated: August 13, 2024                                               CHRISTOPHER LEWIS

By:    */s/ Jonathan M. Cyrluk*
           One of His Attorneys

Jonathan M. Cyrluk
Steven C. Moeller
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
312-777-4300 (tel)
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com
Firm No. 49457

FILED DATE: 8/13/2024 2:03 PM 2024CH04952

## **CERTIFICATE OF SERVICE**

Under 735 ILCS 5/1-109, the undersigned certifies that he served the foregoing document on all counsel of record via email at the addresses below:

| | |
|---|---|
| Daniel Lynch<br>Amy Kanarowski<br>LYNCH THOMPSON LLP<br>150 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>dlynch@lynchthompson.com<br>akanarowski@lynchthompson.com | Jeffrey J. Bushofsky<br>Timothy R. Farrell<br>ROPES & GRAY LLP<br>191 North Wacker Drive, 32nd Floor<br>Chicago, Illinois 60606<br>jeffrey.bushofsky@ropesgray.com<br>timothy.farrell@ropesgray.com |
| Gregory L. Demers<br>Jane McGraw<br>Daniel Murphy<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199-3600<br>gregory.demers@ropesgray.com<br>jane.mcgraw@ropesgray.com<br>daniel.murphy@ropesgray.com | Ethan M. Weinberg<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>ethan.weinberg@ropesgray.com |

Dated: August 13, 2024

By:     */s/ Steven C. Moeller*
Steven C. Moeller
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2105
Chicago, Illinois 60601
312-777-4300 (tel)
moeller@carpenterlipps.com