# Exhibit 1

Honorable Cecelia Horan
November 12, 2024

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

MICHAEL DUFFY,
    Plaintiff,   )
    vs         ) Case No. 24 CH 5798
GTY TECHNOLOGY HOLDINGS,  )
INC., et al.,        )
    Defendants.    )

   The proceedings in the above-titled cause, before ROBIN HEJNAR, a Certified Shorthand Reporter and Registered Professional Reporter of Cook County, Illinois, via Zoom on the 12th of November, 2024, at 9:00 a.m., before the Honorable Judge Cecelia Horan, pursuant to Notice.

Page 2

```
 1   APPEARANCES:
 2
 3        LYNCH THOMPSON, LLP, by
          DANIEL LYNCH & AMY KANAROWSKI
 4        150 South Wacker Drive, Suite 2550
          Chicago, Illinois 60606
 5        (312) 346-1600
          dlynch@lynchthompson.com
 6            Representing the Plaintiff;
 7
 8
          ROPERS & GRAY, LLP, by
 9        TIMOTHY FARRELL & GREGORY DEMERS
          191 North Wacker Drive, 32nd Floor
10        Chicago, Illinois 60606
          (312) 845-1200
11        nathaniel.colack@ropesgray.com
              Representing the Defendants.
```

Page 3

1  MS. KANAROWSKI: Amy Kanarowski and Daniel
2  Lynch on behalf of the movant.
3  THE COURT: Good morning.
4  MR. FARRELL: Timothy Farrell for GTY
5  Technologies and the other defendants.
6  MS. KANAROWSKI: So we have two motions up
7  before Your Honor; we have a motion to amend our
8  complaint to add a new count, and then a related TRO
9  motion.
10  THE COURT: Okay. Mr. Demers or --
11  MR. DEMERS: Good morning, Your Honor. On
12  behalf of the plaintiffs, co-counsel with Mr. Farrell,
13  Gregory Demers.
14  MR. FARRELL: I'm sorry.
15  THE COURT: That's okay. So there's a
16  motion to leave to amend the pleading, which I did look
17  at briefly, and what's the motion for the TRO?
18  MS. KANAROWSKI: We have a motion for a TRO.
19  THE COURT: Requirement to --
20  MS. KANAROWSKI: Stay the arbitration based
21  on the argument of waiver that is based on actions that
22  have occurred since we were here last before Your Honor.
23  THE COURT: Because they filed a Federal
24  Court complaint, right?

Page 4

1  MS. KANAROWSKI: Specifically because --
2  yeah, the Federal Court complaint seeks compensatory
3  damages against Mr. Duffy. If Your Honor will recall,
4  GTY's position was they could be in two courts because
5  before Your Honor, they were seeking only injunctive
6  relief, and they were going to arbitrate their claims
7  for damages, and now we're facing a claim for damages in
8  Federal Court that do not -- and Citybase have claimed
9  are arbitrable.
10  THE COURT: Mr. Farrell?
11  MR. FARRELL: Your Honor, I'm happy to get
12  into the merit of that argument, but I'm just a little
13  baffled by the motion in front of you. First of all,
14  we're happy to brief it, and we'd like to brief it, but
15  we think they should be, frankly, denied. They're
16  trying to reopen a case that they -- they're trying to
17  amend their pleading and seek a TRO to stop an
18  arbitration that Your Honor ordered to go forward, and
19  that's the order that's up on appeal, ordering the
20  arbitration. So, for starters, that's precisely what a
21  trial court in Illinois can't do while an order is up on
22  appeal.
23  THE COURT: So tell me about that, because I
24  don't know that I even knew that. Maybe I did. So it

Page 5

1  was an order mandating that you go to arbitration, so
2  that was appealed?
3  MR. FARRELL: Correct.
4  MS. KANAROWSKI: Correct.
5  THE COURT: What's the status of the appeal?
6  MS. KANAROWSKI: It's fully briefed, Your
7  Honor.
8  THE COURT: You're just waiting for a
9  ruling?
10  MS. KANAROWSKI: Correct, Your Honor.
11  THE COURT: So why don't we put this over
12  until you get a ruling there? I don't think -- Do I
13  have jurisdiction right now?
14  MR. LYNCH: Yes.
15  MS. KANAROWSKI: Yes, Your Honor. The
16  matter before you is currently stayed, and these are
17  different issues. The question that's before the --
18  before the Appellate Court deals with Your Honor's
19  ruling on the arbitrability provision in the 2018 fair
20  competition agreement. This is a different issue. It's
21  one of waiver. It wasn't raised before you, it's not
22  before the Appellate Court. They're different legal
23  issues.
24  THE COURT: So I guess let -- hold on. So

Honorable Cecelia Horan
November 12, 2024

Page 6

1  let me look at the -- So you want to say that, in this
2  case, by bringing the Federal lawsuit, they've taken
3  action that is incompatible with their request for -- to
4  enforce the arbitration provision?
5      MS. KANAROWSKI: Correct, Your Honor.
6      MR. FARRELL: Your Honor, if I may?
7      THE COURT: Yep.
8      MR. FARRELL: For one thing, in the order --
9  and I'm looking at it right now. The order that's up on
10 appeal --
11     THE COURT: Tell me what the date of the
12 order is, because I want to look at it too.
13     MR. FARRELL: It's September 10th, 2024.
14     THE COURT: I see a 9/23 order. That's not
15 it, though, huh? Alex -- let me get a copy of it, Alex
16 or Noah, can you help me out?
17     THE CLERK: Yes, I'm looking.
18     MR. FARRELL: It's a short order. It grants
19 our motion to compel arbitration, and it says, "The
20 above captioned action states pending arbitration."
21 I'll refer you to In Re: Parentage of Melton:
22     Quote, "An appeal refrains the trial court
23 from changing or modifying the injunction order, or from
24 taking any other action which would interfere with an

Page 7

1  appellate review of that order."
2      This entire case is stayed, Your Honor. So
3  there's a jurisdictional question, and, again, happy to
4  brief it, but, Your Honor, the second reason that we
5  haven't even talked about, Mr. Duffy's barking up off
6  the wrong tree. He's asking Your Honor through a
7  pleading in Federal Court, right? This is a pleading
8  that's in Federal Court. The pleading that he claims is
9  waiving my client's arbitration rights by seeking
10 damages. That pleading is in front of the Northern
11 District of Illinois, in font of District Judge Jerome
12 Daniel. So why Mr. Duffy's asking you and not the
13 Federal Court, it's baffling.
14     He's claiming that making certain claims in
15 Federal Court -- and I'll talk about the pleadings,
16 because you may be curious. He's saying, by making
17 certain claims in Federal Court he's waived his right to
18 arbitration. Why is he making those waiver arguments in
19 front of the federal judge where that pleading was
20 filed, where those damages claims would be litigated?
21 And Mr. Duffy is right, instead he's coming back in
22 front of Your Honor, wasting Your Honor's time, to ask
23 you to get involved in a case that he agreed to be
24 dismissed and brought -- and to be brought in Federal

Page 8

1  Court. I do not understand why we're here. If this is
2  an emergency, and he wants someone to construe the
3  pleading in Federal Court, to say that there's a waiver,
4  why isn't he in Federal Court?
5      MR. LYNCH: There's an answer, Your Honor,
6  very simple answer to that. Miss Kanarowski can answer
7  that question, Your Honor.
8      MS. KANAROWSKI: I'm sorry, this issue has
9  been before Your Honor. The DEC action is stayed, but
10 Your Honor does not lack jurisdiction. We're not
11 asking, as Mr. Farrell suggested -- we're not asking
12 Your Honor to modify or change the previous order. This
13 is a whole new legal issue.
14     THE COURT: Let me ask you. If -- let's say
15 I held that by moving forward in Federal Court, you have
16 acted incompatibly with the arbitration provision, and
17 then doesn't that effectively take it away from the
18 Appellate Court?
19     MR. LYNCH: No, Your Honor, because -- well,
20 it might moot the appeal.
21     THE COURT: But isn't the thing that
22 Mr. Farrell just read to me -- tell me again what that
23 said, Mr. Farrell, I can't interrupt the Appellate Court
24 proceedings?

Page 9

1      MR. FARRELL: This is from In Re: Parentage
2  of Melton, "An appeal will refrain the trial court from
3  changing or modifying the injunction order, or from
4  taking any other action which would interfere with an
5  appellate review of that order."
6      THE COURT: And that's exactly what this
7  would do.
8      MR. LYNCH: No, Your Honor. Your Honor, can
9  I pose this? And that is, what can we possibly do?
10 This Court --
11     THE COURT: You know what?
12     MR. LYNCH: This Court has jurisdiction.
13     THE COURT: You're up on appeal. What I
14 would say is that we enter and continue this
15 particular -- these motions, and then if the Appellate
16 Court comes back and remands it to me, then you make an
17 argument about what happened in the Federal Court.
18     MR. LYNCH: But, Your Honor, we are in a
19 situation where the status quo that existed when you
20 made your last ruling was that they were in arbitration
21 seeking damages and in court seeking an injunction. We
22 didn't change that status quo, they did. While
23 Mr. Farrell's firm, the Ropes and Gray firm, when they
24 pleaded the case, they were careful to distinguish

Page 10

1  between claims for damages and claims for injunction,
2  and they kept them separate. But now these same
3  parties, over whom the Court has jurisdiction -- these
4  same parties have changed the status quo by now seeking
5  damages in two places. There's no requirement --
6         THE COURT: Then why don't you bring this
7  argument in Federal Court?
8         MR. LYNCH: Okay. Because there's no
9  requirement that we do that.
10        THE COURT: But you're asking me to make a
11 ruling that's going to interrupt the Appellate Court's
12 review of the order, right?
13        MR. LYNCH: Actually, it won't interrupt it
14 unless -- it won't interrupt it. It may be that
15 subsequent events have rendered an interlocutory appeal
16 moot, that's possible, but that happens from time to
17 time.
18        THE COURT: Give me the case citation,
19 Mr. Farrell.
20        MR. FARRELL: I got to pull the case number,
21 Your Honor, but it's In Re: Parentage of Melton.
22        MR. LYNCH: If we're going to talk about
23 cases that we've never seen --
24        THE COURT: Mr. Lynch --

Page 11

1         MR. LYNCH: Should we get --
2         THE COURT: Mr. Lynch, I'm speaking. I've
3  asked Mr. Farrell a question and I was getting his
4  answer, and so when it's your turn to talk, I'll let you
5  talk.
6         MR. LYNCH: Okay. Sorry.
7         THE COURT: Go ahead. In Re: Parentage of
8  Melton. Is it a California case? No.
9         MR. FARRELL: I believe it is -- I apologize
10 for not --
11        THE COURT: There's more than one In Re:
12 Parentage; there's at least two. What year is it?
13        MR. FARRELL: There's more than two; there's
14 three -- four. There are many appeals, Your Honor, and
15 I apologize for not having those handy.
16        THE COURT: Did you find the citation?
17        MR. FARRELL: So it's April 16th, 2001.
18        THE COURT: Can you give me the cite? Let
19 me just do it that way.
20        MR. LYNCH: It's 321 Ill. App. 3rd 823, I
21 believe, Your Honor.
22        THE COURT: It's not coming up. 321 Ill.
23 App -- I didn't put it in right, sorry. Ill. App. 3d.
24        MR. FARRELL: 321 --

Page 12

1         THE COURT: Hall versus Melton, In Re:
2  Melton. Tell me where I'm supposed to look.
3         MR. FARRELL: Under Roman numeral I. This
4  was a case where -- it was a parentage case where the
5  trial court took action while the matters relating to
6  the parentage were on appeal. Roman I, third paragraph.
7         THE COURT: Three after?
8         MR. FARRELL: Yep.
9         THE COURT: "After the Court enjoined Lynn
10 from taking Bremen to another state, we had jurisdiction
11 over her interlocutory appeal pursuant to Supreme Court
12 Rule 307(a)(1). The filing of a notice of appeal from
13 an interlocutory injunction does not deprive the trial
14 court of all jurisdiction over a case. The notice of
15 appeal only restrains the trial court from changing or
16 modifying the injunction order, or from taking any other
17 action that would interfere with appellate review of
18 that order."
19        MR. FARRELL: And, here, your order stays
20 this entire case, and it orders the party to arbitrate.
21 That's what's on appeal. The case relates to
22 injunction, but an interlocutory appeal of an order to
23 arbitrate is treated the same as a Rule 307 order --
24 interlocutory appeal on an injunction.

Page 13

1         THE COURT: Can I -- yep.
2         MS. KANAROWSKI: As Your Honor just read,
3  the case here does say you have jurisdiction over this
4  matter. In terms of, are we asking you to change or
5  modify the previous order, we're not. Your Honor made a
6  finding, and we're appealing that finding. Now there's
7  an entirely new issue, right? Did Euna and Citybase's
8  actions, subsequent to Your Honor's ruling, waive their
9  claimed right of arbitration? Different legal issues.
10 Now, Your Honor's ruling on that might have an impact on
11 -- of mooting it, but the issue is different.
12        THE COURT: I understand that, but --
13        MS. KANAROWSKI: -- conception is currently,
14 we're under an order to arbitrate, and currently under
15 your orders to arbitrate. We're appealing that, right?
16 This is the forum that we've come to originally.
17 There's no -- there's nothing that prevents us from
18 coming back to Your Honor on this, this is a completely
19 different legal issue, and Your Honor has the
20 jurisdiction to decide it.
21        THE COURT: How can you argue that it
22 wouldn't interfere with the appellate review of that
23 order? It would.
24        MR. LYNCH: Your Honor --

Page 14

1  THE COURT: How could it not?
2  MS. KANAROWSKI: Because the issue that the
3  Appellate Court's being asked to decide is whether or
4  not the decision requiring us to go to arbitration in
5  the first place was accurate.
6  THE COURT: If I give you what you want,
7  right, which is to decide that by filing this thing in
8  Federal Court, that he's acted inconsistently with the
9  request to arbitrate, and then that would take it away
10 from the arbitrator and put it back in my courtroom, how
11 wouldn't that interfere with the interlocutory appeal?
12 MS. KANAROWSKI: Then the Appellate Court
13 would have two issues to resolve, and they're separate
14 issues; they can uphold you on either ground, or uphold
15 or affirm, or uphold or reverse you on one ground. So
16 it would add to the appeal, but there's nothing to
17 prevent you from doing that. There was one
18 interlocutory order, and it looks like there was
19 another, and they both wound up before the Appellate
20 Court.
21 MR. FARRELL: They're asking to lift the
22 stay that's in your order, which order is on appeal, to
23 amend their pleading, and to litigated a new issue
24 relating to a waiver that they claim occurred --

Page 15

1  THE COURT: All right.
2  MR. FARRELL: -- prior pleading.
3  THE COURT: All right.
4  MR. FARRELL: If this is an emergency, they
5  should be bringing this motion in Federal Court.
6  THE COURT: Our poor court reporter. Sorry,
7  Miss Court Reporter.
8       So there's that issue, but then the other
9  issue is that that would modify the stay, and that
10 would -- so, all right. Let's do this. These are all
11 interesting issues, but why don't we do a quick briefing
12 on it. I don't know what else to tell you except that I
13 don't know the legal answer off the top of my head.
14 Like you, I'm going to do the research and analysis. So
15 let's do a quick briefing on it, okay? Sound good?
16 MS. KANAROWSKI: That's fine, Your Honor. I
17 would take it that Citybase would like to respond, and I
18 guess we can go to them to find out how long they would
19 need.
20 MR. FARRELL: I suspect we can work out a
21 briefing schedule among ourselves, Your Honor.
22 MR. LYNCH: Your Honor, hold on. I assume
23 that it's the Court's expectation that the briefing
24 schedule will be short. As long as that's expressed, we

Page 16

1  can --
2  THE COURT: That is fine with me to have it
3  be a short briefing schedule. The circumstance is that
4  my calendar is always very jammed up, and I set things
5  out in an hour setting. I'll get you in sooner than
6  that. We're going to have to find a spot for it.
7  MS. KANAROWSKI: Perhaps, if Your Honor
8  could tell us when you'd have time for us, we could work
9  around that and come up with a briefing schedule with
10 Your Honor's earliest availability.
11 THE COURT: Let's do that. It's mid
12 November, right?
13 MS. KANAROWSKI: It's November 12th.
14 THE COURT: I'm going to be here the last
15 couple days before Christmas.
16 MS. KANAROWSKI: We appreciate Your Honor's
17 time. The issue that our client faces, we're in a place
18 where we're facing pressure from the arbitrator to
19 begin, and we'd like to get these issues resolved.
20 THE COURT: Let me ask you this. The --
21 let's say the Appellate Court affirms my decision, then
22 what happens next? Let's say we're in the middle of
23 briefing this. I don't know how long they're going to
24 take to issue an order, but let's say it's affirmed. Is

Page 17

1  this issue then moot or does this issue survive?
2  MS. KANAROWSKI: It would be the other way
3  around, Your Honor. If you reverse this issue, it would
4  become mooted, because if you were reversed, we would
5  come back --
6  THE COURT: You come back.
7  MS. KANAROWSKI: The reversal of your order
8  requiring us to go to arbitration, we would be back
9  before Your Honor, and that could take many different
10 flavors of what the Appellate Court would say needs to
11 happen on remand. If you were affirmed, then the
12 question would be, okay, has Euna and Citybase waived
13 their arbitration rights?
14 THE COURT: This issue would not go away, it
15 would come back?
16 MS. KANAROWSKI: Yes, this issue is coming
17 back to Your Honor either way.
18 MR. FARRELL: Can I add two things? No. 1,
19 Your Honor, we have an arbitrator assigned now. My
20 client's entitled to pursue their damages claim. They
21 are bringing they were damages claims in the
22 arbitration; and to be clear, in the federal complaint,
23 their contract claim and fiduciary duty claim are not
24 seeking damages against Mr. Duffy. Mr. Duffy is

Page 18

1  bringing the full argument based on the fact that
2  there's some ambiguity in the trade secrets claim as to
3  whether there are damages being sought against Mr. Duffy
4  in the trade secret claim. But to be clear, we are
5  still seeking damages for the contract claim and the
6  fiduciary duty claim relating to Mr. Duffy's employment
7  solely in the JAMS arbitration. That is clear from the
8  pleadings, and so they're bringing this -- they're
9  sticking their foot in the door. Recall how long we've
10 been trying to get moving with this arbitration, Your
11 Honor. I think we filed it back in May, maybe earlier,
12 and they're gumming up the work, and preventing my
13 client from pursuing their damages claim against
14 Mr. Duffy; and so we're entitled to move forward with
15 that case, we expect them to move forward with that
16 case. They can file what they want. If this is an
17 emergency, they can't bring this emergency motion, this
18 TRO, and they should be filing this motion in front of
19 the Federal Court. At the moment, this Court does not
20 have jurisdiction to stay while that order is on appeal.
21     MS. KANAROWSKI: That's not true, Your
22 Honor.
23     MR. LYNCH: So there's been a couple of
24 things that Mr. Farrell has said that were interesting,

Page 19

1  that I think might be the fodder for some of the
2  briefing on this. I mean, it sounds like Mr. Farrell is
3  saying, it's not their intention to seek damages against
4  Duffy in Federal Court. Well, that's not what the
5  Federal Court complaint expresses, but maybe they want
6  to fix that; maybe GTY and Citybase want to fix their
7  Federal Court pleading, I don't know. We haven't
8  answered it yet. So, perhaps, if that's their
9  intention, they could take action in Federal Court to
10 make clear that they're not doing what it seems to us
11 clearly they are doing. If that's their intention, then
12 perhaps they could moot this issue by doing that.
13 That's one issue.
14     MR. FARRELL: What we're talking about --
15     MR. LYNCH: One more thing to say.
16     MR. FARRELL: Sorry.
17     MR. LYNCH: It also appeared that
18 Mr. Farrell is saying, you want to bring this over in
19 Federal Court because that's the court that should be
20 hearing this. Well, I mean, perhaps he could give us
21 some caselaw that would -- in the briefing that would
22 say, you're supposed to bring this type of waiver motion
23 in the court in which the waiver occurred. Now, I'm
24 unaware of that legal proposition, but if it exists and

Page 20

1  we should be there instead of here, we'd be happy to
2  think about what to do in response to such caselaw. But
3  those are both things that will come out of the
4  briefing.
5      MR. FARRELL: Just briefly. What we have is
6  simply, I think, a dispute over one particular claim
7  falls within the advent of arbitration division or not.
8  We're clearly seeking damages claims in arbitration for
9  breach of contract and breach of fiduciary duty.
10 Mr. Duffy disagrees, I think, that the trade secret
11 claims don't fall within the advent of the arbitration
12 provision, but that's not waiver; and if it is, that's a
13 question for the Federal Court to interpret the
14 pleadings before it, and whether those claims fall
15 within or without the arbitration claim.
16     Look, we can go round and round on this,
17 Your Honor. I think we just need to brief the
18 jurisdictional issue.
19     THE COURT: Obviously, I can't rule on the
20 sly when I don't -- this is the first time I'm looking
21 at this. Let's do a quick briefing.
22     Mr. Farrell, how many -- well, let me give
23 you a date. Listen, I'll be here on the 26th and 27th.
24 We can set it for the 27th, but my guess is probably a

Page 21

1  lot of you aren't going to be working.
2      MR. LYNCH: We graciously accept the 26th or
3  27th. We're doing it by Zoom.
4      THE COURT: I know, but you don't want to
5  spend time with your families?
6      MR. LYNCH: I can have my pies going in the
7  other kitchen.
8      THE COURT: The way I can do it, I can --
9      MR. FARRELL: Your Honor, we'd like at least
10 14 days to brief this.
11     THE COURT: That will put you at end of
12 November, and then that would give you plenty of time,
13 right? Mr. Farrell?
14     MR. LYNCH: The struggle is at the same time
15 they're delaying over here, they're pushing their
16 arbitration. So I don't care how much time they take as
17 long as they're not trying to push forward with the
18 arbitration in the meantime.
19     MR. FARRELL: We're entitled to move forward
20 with the arbitration. Your Honor's order did not stay
21 the arbitration.
22     MR. LYNCH: Your order is an irrelevancy at
23 this point, Your Honor, because we're not trying to
24 upset that order in any way, shape or form.

Honorable Cecelia Horan
November 12, 2024

Page 22

1   THE COURT: That's the order that's on
2 appeal? I don't have jurisdiction anymore with regard
3 to that issue, with regard --
4   MR. FARRELL: Correct.
5   MS. KANAROWSKI: Correct, Your Honor.
6   THE COURT: I've got all this stuff coming
7 up, and, of course, we have to factor in Thanksgiving.
8 So, really, the earliest and best day I can give you --
9 and I know it's not ideal -- I'm jammed up until
10 Christmas. I've got the 23rd open, but I would use that
11 time on the 23rd to get ready for this, you know what I
12 mean? So the best thing I can do is offer you the 27th.
13   MR. FARRELL: Of December?
14   THE COURT: And if you want a date after
15 that --
16   MR. FARRELL: December 27th is okay, Your
17 Honor.
18   THE COURT: Mr. Farrell, is that you?
19   MR. FARRELL: Yes, Your Honor.
20   THE COURT: I can do it on probably
21 January 7th or 8th.
22   MS. KANAROWSKI: We prefer December 27th. I
23 heard that would work for Mr. Farrell.
24   MR. FARRELL: That's fine, Your Honor.

Page 23

1   THE COURT: What time?
2   MR. FARRELL: Morning is good here.
3   MS. KANAROWSKI: Yep, whatever works for
4 Your Honor.
5   THE COURT: 10:00 a.m.?
6   MS. KANAROWSKI: 10:00 a.m. is fine, Your
7 Honor.
8   THE COURT: This is called what? Motion --
9   MS. KANAROWSKI: We have two motions. We
10 seek to amend our pleading to add this count, and then
11 we seek a TRO.
12   THE COURT: Motion to amend and motion for
13 TRO. All right.
14   The initial question is whether or not I
15 have jurisdiction even to hear this right now, right,
16 Mr. Farrell?
17   MR. FARRELL: That's right, Your Honor.
18 Just to be totally candid, there's other counsels
19 representing my clients in the federal case. I haven't
20 had a lot of time to confer with them on this. There's
21 some chance there's a clarification that can be made to
22 moot all this, but we'll work on that with Mr. Lynch and
23 Miss Kanarowski to see if that's possible, but if not,
24 we'll take the briefing schedule.

Page 24

1   THE COURT: If something changes, and we're
2 not going to hear this, please let me know right away.
3   MR. FARRELL: As soon as we can.
4   THE COURT: Because I want to be able to
5 strike it out of my book and spend time with my family.
6   MS. KANAROWSKI: Would Your Honor want the
7 papers, and then we'll work out a briefing schedule?
8   THE COURT: As long as you get it to me by
9 the 20th of December, then I can look at it that first
10 couple of days or the next week.
11   MR. LYNCH: Your Honor, can I make one last
12 point? And that is, I don't think there's a functional
13 difference between December 27th and the 7th and 8th of
14 January. I don't think it's going to change anything.
15 If those January dates are preferable to Your Honor
16 given that the 27th --
17   THE COURT: Let me just double check.
18   MR. LYNCH: We're fine with the 27th, Your
19 Honor, but if you would prefer to reserve that date for
20 activities other than Duffy and Citybase, I would
21 understand. I don't think we're prejudiced by the delay
22 between the 27th and the 7th or the 8th.
23   THE COURT: Okay. I can do the afternoon on
24 the 7th. Do you want to do that?

Page 25

1   MR. LYNCH: If that's -- if the Court wants
2 to do it the 7th, we'll be here the 7th.
3   THE COURT: Whatever you guys want. I'm at
4 your disposal. So I can do the 7th at 1:00 or 2:00 p.m.
5 You tell me. Or we can keep it on the 27th. You tell
6 me.
7   MR. FARRELL: As Your Honor prefers.
8   MR. LYNCH: None of us care, Your Honor.
9 Either the 27th at 10:00 or the 7th at 1 o'clock, both
10 are the same for the parties. Whatever the Court
11 prefers.
12   THE COURT: I guess my preference, if you're
13 asking me, the 7th I guess I'd prefer so I don't have to
14 stress about it over Christmas, but whatever.
15   MR. LYNCH: Fine.
16   MS. KANAROWSKI: That's fine, Your Honor.
17   THE COURT: 1 o'clock, 2 o'clock?
18   MS. KANAROWSKI: 1 o'clock is fine. When
19 would Your Honor want the briefs for the 7th?
20   THE COURT: Get it done, please, to me by
21 the -- can you get them to me the week before the 1st,
22 the 2nd?
23   MS. KANAROWSKI: We can do the 30th.
24   MR. LYNCH: Can I make a suggestion? That

Page 26

1  if the Court had a hold to read stuff on the 23rd and
2  the 27th, we just keep it on the 20th? We'll just
3  finish the briefing by the 20th.
4      MS. KANAROWSKI: That's fine.
5      THE COURT: That's fine. As long as you get
6  it to me -- I'm going to strike it out on the 27th.
7      MR. LYNCH: We'll get the briefs to you by
8  the 20th.
9      THE COURT: Very good. Again, if something
10 happens, and you're going to take this off my calendar,
11 let me know right away.
12     MS. KANAROWSKI: Will do.
13     MR. FARRELL: Will do.
14     (WHEREUPON PROCEEDINGS CONCLUDE AT 9:35
15     A.M.)
16
17
18
19
20
21
22
23
24

Page 27

1  STATE OF ILLINOIS    )
                        ) SS:
2  COUNTY OF DUPAGE     )
3
4      I, ROBIN HEJNAR, a Certified Shorthand Reporter
5  and Registered Professional Reporter do hereby certify:
6      That prior to being examined, the witness in
7  the foregoing proceeding was by me duly sworn to testify
8  to the truth, the whole truth, and nothing but the
9  truth;
10     That said proceedings were taken remotely
11 before me at the time and place therein set forth and
12 were taken down by me in shorthand and thereafter
13 transcribed into typewriting under my direction and
14 supervision;
15     I further certify that I am neither counsel
16 for, nor related to, any party to said proceedings, not
17 in anywise interested in the outcome thereof.
18     In witness whereof, I have hereunto subscribed
19 my name.
20 Dated: November 22, 2024
21
22
23 _____
   ROBIN HEJNAR, RPR
24 CSR No. 084-004689

Honorable Cecelia Horan
November 12, 2024

### 1

**1**
 17:18 25:9,17,
 18
**10:00**
 23:5,6 25:9
**10th**
 6:13
**12th**
 16:13
**14**
 21:10
**16th**
 11:17
**1:00**
 25:4
**1st**
 25:21

### 2

**2**
 25:17
**2001**
 11:17
**2018**
 5:19
**2024**
 6:13
**20th**
 24:9 26:2,3,8
**23rd**
 22:10,11 26:1
**26th**
 20:23 21:2
**27th**
 20:23,24 21:3

 22:12,16,22
 24:13,16,18,22
 25:5,9 26:2,6
**2:00**
 25:4
**2nd**
 25:22

### 3

**307**
 12:23
**307(a)(1)**
 12:12
**30th**
 25:23
**321**
 11:20,22,24
**3d**
 11:23
**3rd**
 11:20

### 7

**7th**
 22:21 24:13,
 22,24 25:2,4,
 9,13,19

### 8

**823**
 11:20
**8th**
 22:21 24:13,22

### 9

**9/23**
 6:14
**9:35**
 26:14

### A

**a.m.**
 23:5,6 26:15
**able**
 24:4
**above**
 6:20
**accept**
 21:2
**accurate**
 14:5
**acted**
 8:16 14:8
**action**
 6:3,20,24 8:9
 9:4 12:5,17
 19:9
**actions**
 3:21 13:8
**activities**
 24:20
**add**
 3:8 14:16
 17:18 23:10
**advent**
 20:7,11
**affirm**
 14:15
**affirmed**
 16:24 17:11
**affirms**
 16:21
**afternoon**
 24:23

**agreed**
 7:23
**agreement**
 5:20
**ahead**
 11:7
**Alex**
 6:15
**ambiguity**
 18:2
**amend**
 3:7,16 4:17
 14:23 23:10,12
**Amy**
 3:1
**analysis**
 15:14
**answer**
 8:5,6 11:4
 15:13
**answered**
 19:8
**anymore**
 22:2
**apologize**
 11:9,15
**App**
 11:20,23
**appeal**
 4:19,22 5:5
 6:10,22 8:20
 9:2,13 10:15
 12:6,11,12,15,
 21,22,24
 14:11,16,22
 18:20 22:2
**appealed**
 5:2
**appealing**

13:6,15

**appeals**
 11:14

**appeared**
 19:17

**appellate**
 5:18,22  7:1
 8:18,23  9:5,15
 10:11  12:17
 13:22  14:3,12,
 19  16:21  17:10

**appreciate**
 16:16

**April**
 11:17

**arbitrability**
 5:19

**arbitrable**
 4:9

**arbitrate**
 4:6  12:20,23
 13:14,15  14:9

**arbitration**
 3:20  4:18,20
 5:1  6:4,19,20
 7:9,18  8:16
 9:20  13:9  14:4
 17:8,13,22
 18:7,10  20:7,
 8,11,15  21:16,
 18,20,21

**arbitrator**
 14:10  16:18
 17:19

**argue**
 13:21

**argument**
 3:21  4:12  9:17
 10:7  18:1

**arguments**
 7:18

**around**
 16:9  17:3

**asked**
 11:3  14:3

**asking**
 7:6,12  8:11
 10:10  13:4
 14:21  25:13

**assigned**
 17:19

**assume**
 15:22

**availability**
 16:10

———

**B**

**back**
 7:21  9:16
 13:18  14:10
 17:5,6,8,15,17
 18:11

**baffled**
 4:13

**baffling**
 7:13

**barking**
 7:5

**based**
 3:20,21  18:1

**begin**
 16:19

**behalf**
 3:2,12

**believe**
 11:9,21

**best**

22:8,12

**book**
 24:5

**breach**
 20:9

**Bremen**
 12:10

**brief**
 4:14  7:4  20:17
 21:10

**briefed**
 5:6

**briefing**
 15:11,15,21,23
 16:3,9,23
 19:2,21  20:4,
 21  23:24  24:7
 26:3

**briefly**
 3:17  20:5

**briefs**
 25:19  26:7

**bring**
 10:6  18:17
 19:18,22

**bringing**
 6:2  15:5  17:21
 18:1,8

**brought**
 7:24

———

**C**

**calendar**
 16:4  26:10

**California**
 11:8

**called**
 23:8

**candid**
 23:18

**captioned**
 6:20

**care**
 21:16  25:8

**careful**
 9:24

**case**
 4:16  6:2  7:2,
 23  9:24  10:18,
 20  11:8  12:4,
 14,20,21  13:3
 18:15,16  23:19

**caselaw**
 19:21  20:2

**cases**
 10:23

**certain**
 7:14,17

**chance**
 23:21

**change**
 8:12  9:22  13:4
 24:14

**changed**
 10:4

**changes**
 24:1

**changing**
 6:23  9:3  12:15

**check**
 24:17

**Christmas**
 16:15  22:10
 25:14

**circumstance**
 16:3

| | | | |
|---|---|---|---|
| **citation**<br>  10:18 11:16<br>**cite**<br>  11:18<br>**Citybase**<br>  4:8 15:17<br>  17:12 19:6<br>  24:20<br>**Citybase's**<br>  13:7<br>**claim**<br>  4:7 14:24<br>  17:20,23 18:2,<br>  4,5,6,13 20:6,<br>  15<br>**claimed**<br>  4:8 13:9<br>**claiming**<br>  7:14<br>**claims**<br>  4:6 7:8,14,17,<br>  20 10:1 17:21<br>  20:8,11,14<br>**clarification**<br>  23:21<br>**clear**<br>  17:22 18:4,7<br>  19:10<br>**clearly**<br>  19:11 20:8<br>**CLERK**<br>  6:17<br>**client**<br>  16:17 18:13<br>**client's**<br>  7:9 17:20<br>**clients**<br>  23:19<br>**co-counsel** | 3:12<br>**come**<br>  13:16 16:9<br>  17:5,6,15 20:3<br>**comes**<br>  9:16<br>**compel**<br>  6:19<br>**compensatory**<br>  4:2<br>**competition**<br>  5:20<br>**complaint**<br>  3:8,24 4:2<br>  17:22 19:5<br>**completely**<br>  13:18<br>**conception**<br>  13:13<br>**CONCLUDE**<br>  26:14<br>**confer**<br>  23:20<br>**construe**<br>  8:2<br>**continue**<br>  9:14<br>**contract**<br>  17:23 18:5<br>  20:9<br>**copy**<br>  6:15<br>**Correct**<br>  5:3,4,10 6:5<br>  22:4,5<br>**counsels**<br>  23:18<br>**count** | 3:8 23:10<br>**couple**<br>  16:15 18:23<br>  24:10<br>**course**<br>  22:7<br>**court**<br>  3:3,10,15,19,<br>  23,24 4:2,8,<br>  10,21,23 5:5,<br>  8,11,18,22,24<br>  6:7,11,14,22<br>  7:7,8,13,15,17<br>  8:1,3,4,14,15,<br>  18,21,23 9:2,<br>  6,10,11,12,13,<br>  16,17,21 10:3,<br>  6,7,10,18,24<br>  11:2,7,11,16,<br>  18,22 12:1,5,<br>  7,9,11,14,15<br>  13:1,12,21<br>  14:1,6,8,12,20<br>  15:1,3,5,6,7<br>  16:2,11,14,20,<br>  21 17:6,10,14<br>  18:19 19:4,5,<br>  7,9,19,23<br>  20:13,19 21:4,<br>  8,11 22:1,6,<br>  14,18,20 23:1,<br>  5,8,12 24:1,4,<br>  8,17,23 25:1,<br>  3,10,12,17,20<br>  26:1,5,9<br>**Court's**<br>  10:11 14:3<br>  15:23<br>**courtroom**<br>  14:10<br>**courts**<br>  4:4 | **curious**<br>  7:16<br><br>---<br>**D**<br>---<br><br>**damages**<br>  4:3,7 7:10,20<br>  9:21 10:1,5<br>  17:20,21,24<br>  18:3,5,13 19:3<br>  20:8<br>**Daniel**<br>  3:1 7:12<br>**date**<br>  6:11 20:23<br>  22:14 24:19<br>**dates**<br>  24:15<br>**day**<br>  22:8<br>**days**<br>  16:15 21:10<br>  24:10<br>**deals**<br>  5:18<br>**DEC**<br>  8:9<br>**December**<br>  22:13,16,22<br>  24:9,13<br>**decide**<br>  13:20 14:3,7<br>**decision**<br>  14:4 16:21<br>**defendants**<br>  3:5<br>**delay**<br>  24:21<br>**delaying**<br>  21:15 |

| | | | |
|---|---|---|---|
| **Demers**<br>  3:10,11,13<br>**denied**<br>  4:15<br>**deprive**<br>  12:13<br>**difference**<br>  24:13<br>**different**<br>  5:17,20,22<br>  13:9,11,19<br>  17:9<br>**disagrees**<br>  20:10<br>**dismissed**<br>  7:24<br>**disposal**<br>  25:4<br>**dispute**<br>  20:6<br>**distinguish**<br>  9:24<br>**District**<br>  7:11<br>**division**<br>  20:7<br>**doing**<br>  14:17 19:10,<br>  11,12 21:3<br>**door**<br>  18:9<br>**double**<br>  24:17<br>**Duffy**<br>  4:3 7:21 17:24<br>  18:3,14 19:4<br>  20:10 24:20<br>**Duffy's**<br>  7:5,12 18:6 | **duty**<br>  17:23 18:6<br>  20:9<br><br>--- **E** ---<br><br>**earlier**<br>  18:11<br>**earliest**<br>  16:10 22:8<br>**effectively**<br>  8:17<br>**either**<br>  14:14 17:17<br>  25:9<br>**emergency**<br>  8:2 15:4 18:17<br>**employment**<br>  18:6<br>**end**<br>  21:11<br>**enforce**<br>  6:4<br>**enjoined**<br>  12:9<br>**enter**<br>  9:14<br>**entire**<br>  7:2 12:20<br>**entirely**<br>  13:7<br>**entitled**<br>  17:20 18:14<br>  21:19<br>**Euna**<br>  13:7 17:12<br>**events**<br>  10:15 | **exactly**<br>  9:6<br>**existed**<br>  9:19<br>**exists**<br>  19:24<br>**expect**<br>  18:15<br>**expectation**<br>  15:23<br>**expressed**<br>  15:24<br>**expresses**<br>  19:5<br><br>--- **F** ---<br><br>**faces**<br>  16:17<br>**facing**<br>  4:7 16:18<br>**fact**<br>  18:1<br>**factor**<br>  22:7<br>**fair**<br>  5:19<br>**fall**<br>  20:11,14<br>**falls**<br>  20:7<br>**families**<br>  21:5<br>**family**<br>  24:5<br>**Farrell**<br>  3:4,12,14<br>  4:10,11 5:3<br>  6:6,8,13,18 |   8:11,22,23 9:1<br>  10:19,20 11:3,<br>  9,13,17,24<br>  12:3,8,19<br>  14:21 15:2,4,<br>  20 17:18 18:24<br>  19:2,14,16,18<br>  20:5,22 21:9,<br>  13,19 22:4,13,<br>  16,18,19,23,24<br>  23:2,16,17<br>  24:3 25:7<br>  26:13<br>**Farrell's**<br>  9:23<br>**federal**<br>  3:23 4:2,8 6:2<br>  7:7,8,13,15,<br>  17,19,24 8:3,<br>  4,15 9:17 10:7<br>  14:8 15:5<br>  17:22 18:19<br>  19:4,5,7,9,19<br>  20:13 23:19<br>**fiduciary**<br>  17:23 18:6<br>  20:9<br>**file**<br>  18:16<br>**filed**<br>  3:23 7:20<br>  18:11<br>**filing**<br>  12:12 14:7<br>  18:18<br>**find**<br>  11:16 15:18<br>  16:6<br>**finding**<br>  13:6<br>**fine**<br>  15:16 16:2 |

Honorable Cecelia Horan
November 12, 2024

22:24 23:6
24:18 25:15,
16,18 26:4,5

**finish**
26:3

**firm**
9:23

**first**
4:13 14:5
20:20 24:9

**fix**
19:6

**flavors**
17:10

**fodder**
19:1

**font**
7:11

**foot**
18:9

**form**
21:24

**forum**
13:16

**forward**
4:18 8:15
18:14,15
21:17,19

**four**
11:14

**frankly**
4:15

**front**
4:13 7:10,19,
22 18:18

**full**
18:1

**fully**
5:6

**functional**
24:12

---

**G**

**getting**
11:3

**give**
10:18 11:18
14:6 19:20
20:22 21:12
22:8

**given**
24:16

**going**
4:6 10:11,22
15:14 16:6,14,
23 21:1,6
24:2,14 26:6,
10

**good**
3:3,11 15:15
23:2 26:9

**graciously**
21:2

**grants**
6:18

**Gray**
9:23

**Gregory**
3:13

**ground**
14:14,15

**GTY**
3:4 19:6

**GTY's**
4:4

**guess**
5:24 15:18
20:24 25:12,13

**gumming**
18:12

**guys**
25:3

---

**H**

**Hall**
12:1

**handy**
11:15

**happen**
17:11

**happened**
9:17

**happy**
4:11,14 7:3
20:1

**head**
15:13

**hear**
23:15 24:2

**heard**
22:23

**hearing**
19:20

**held**
8:15

**help**
6:16

**hold**
5:24 15:22
26:1

**Honor**
3:7,11,22 4:3,
5,11,18 5:7,
10,15 6:5,6
7:2,4,6,22
8:5,7,9,10,12,
19 9:8,18
10:21 11:14,21
13:2,5,18,19,
24 15:16,21,22
16:7 17:3,9,
17,19 18:11,22
20:17 21:9,23
22:5,17,19,24
23:4,7,17
24:6,11,15,19
25:7,8,16,19

**Honor's**
5:18 7:22
13:8,10 16:10,
16 21:20

**hour**
16:5

---

**I**

**ideal**
22:9

**Ill**
11:20,22,23

**Illinois**
4:21 7:11

**impact**
13:10

**incompatible**
6:3

**incompatibly**
8:16

**inconsistently**
14:8

**initial**
23:14

**injunction**
6:23 9:3,21
10:1 12:13,16,
22,24

**injunctive**

| | | | |
|---|---|---|---|
| 4:5 | 22:21 24:14,15 | **L** | 13:24 15:22 18:23 19:15,17 21:2,6,14,22 23:22 24:11,18 25:1,8,15,24 26:7 |
| **intention** 19:3,9,11 | **Jerome** 7:11 | |
| **interesting** 15:11 18:24 | **judge** 7:11,19 | **lack** 8:10 |
| **interfere** 6:24 9:4 12:17 13:22 14:11 | **jurisdiction** 5:13 8:10 9:12 10:3 12:10,14 13:3,20 18:20 22:2 23:15 | **lawsuit** 6:2 |
| | | **leave** 3:16 | **Lynn** 12:9 |
| **interlocutory** 10:15 12:11, 13,22,24 14:11,18 | | **legal** 5:22 8:13 13:9,19 15:13 19:24 | **M** |
| | **jurisdictional** 7:3 20:18 | | **made** 9:20 13:5 23:21 |
| **interpret** 20:13 | **K** | **lift** 14:21 | **make** 9:16 10:10 19:10 24:11 25:24 |
| **interrupt** 8:23 10:11,13, 14 | **Kanarowski** 3:1,6,18,20 4:1 5:4,6,10, 15 6:5 8:6,8 13:2,13 14:2, 12 15:16 16:7, 13,16 17:2,7, 16 18:21 22:5, 22 23:3,6,9,23 24:6 25:16,18, 23 26:4,12 | **Listen** 20:23 |
| **involved** 7:23 | | **litigated** 7:20 14:23 | **making** 7:14,16,18 |
| **irrelevancy** 21:22 | | **little** 4:12 | **mandating** 5:1 |
| **issue** 5:20 8:8,13 13:7,11,19 14:2,23 15:8,9 16:17,24 17:1, 3,14,16 19:12, 13 20:18 22:3 | | **long** 15:18,24 16:23 18:9 21:17 24:8 26:5 | **matter** 5:16 13:4 |
| | | | **matters** 12:5 |
| | **keep** 25:5 26:2 | **look** 3:16 6:1,12 12:2 20:16 24:9 | **mean** 19:2,20 22:12 |
| | **kept** 10:2 | | **meantime** 21:18 |
| **issues** 5:17,23 13:9 14:13,14 15:11 16:19 | **kitchen** 21:7 | **looking** 6:9,17 20:20 | **Melton** 6:21 9:2 10:21 11:8 12:1,2 |
| | **knew** 4:24 | **looks** 14:18 | **merit** 4:12 |
| **J** | **know** 4:24 9:11 15:12,13 16:23 19:7 21:4 22:9,11 24:2 26:11 | **lot** 21:1 23:20 | **mid** 16:11 |
| **jammed** 16:4 22:9 | | **Lynch** 3:2 5:14 8:5, 19 9:8,12,18 10:8,13,22,24 11:1,2,6,20 | **middle** 16:22 |
| **JAMS** 18:7 | | | |
| **January** | | | |

Honorable Cecelia Horan
November 12, 2024

| | | | |
|---|---|---|---|
| **modify**<br>  8:12 13:5 15:9<br>**modifying**<br>  6:23 9:3 12:16<br>**moment**<br>  18:19<br>**moot**<br>  8:20 10:16<br>  17:1 19:12<br>  23:22<br>**mooted**<br>  17:4<br>**mooting**<br>  13:11<br>**morning**<br>  3:3,11 23:2<br>**motion**<br>  3:7,9,16,17,18<br>  4:13 6:19 15:5<br>  18:17,18 19:22<br>  23:8,12<br>**motions**<br>  3:6 9:15 23:9<br>**movant**<br>  3:2<br>**move**<br>  18:14,15 21:19<br>**moving**<br>  8:15 18:10<br><br>         **N**<br><br>**need**<br>  15:19 20:17<br>**needs**<br>  17:10<br>**never**<br>  10:23<br>**Noah** | 6:16<br>**Northern**<br>  7:10<br>**notice**<br>  12:12,14<br>**November**<br>  16:12,13 21:12<br>**number**<br>  10:20<br>**numeral**<br>  12:3<br><br>         **O**<br><br>**Obviously**<br>  20:19<br>**occurred**<br>  3:22 14:24<br>  19:23<br>**offer**<br>  22:12<br>**okay**<br>  3:10,15 10:8<br>  11:6 15:15<br>  17:12 22:16<br>  24:23<br>**one**<br>  5:21 6:8 11:11<br>  14:15,17<br>  19:13,15 20:6<br>  24:11<br>**open**<br>  22:10<br>**order**<br>  4:19,21 5:1<br>  6:8,9,12,14,<br>  18,23 7:1 8:12<br>  9:3,5 10:12<br>  12:16,18,19,<br>  22,23 13:5,14, | 23 14:18,22<br>  16:24 17:7<br>  18:20 21:20,<br>  22,24 22:1<br>**ordered**<br>  4:18<br>**ordering**<br>  4:19<br>**orders**<br>  12:20 13:15<br>**originally**<br>  13:16<br><br>         **P**<br><br>**p.m.**<br>  25:4<br>**papers**<br>  24:7<br>**paragraph**<br>  12:6<br>**parentage**<br>  6:21 9:1 10:21<br>  11:7,12 12:4,6<br>**particular**<br>  9:15 20:6<br>**parties**<br>  10:3,4 25:10<br>**party**<br>  12:20<br>**pending**<br>  6:20<br>**pies**<br>  21:6<br>**place**<br>  14:5 16:17<br>**places**<br>  10:5 | **plaintiffs**<br>  3:12<br>**pleaded**<br>  9:24<br>**pleading**<br>  3:16 4:17 7:7,<br>  8,10,19 8:3<br>  14:23 15:2<br>  19:7 23:10<br>**pleadings**<br>  7:15 18:8<br>  20:14<br>**please**<br>  24:2 25:20<br>**plenty**<br>  21:12<br>**point**<br>  21:23 24:12<br>**poor**<br>  15:6<br>**pose**<br>  9:9<br>**position**<br>  4:4<br>**possible**<br>  10:16 23:23<br>**possibly**<br>  9:9<br>**precisely**<br>  4:20<br>**prefer**<br>  22:22 24:19<br>  25:13<br>**preferable**<br>  24:15<br>**preference**<br>  25:12<br>**prefers**<br>  25:7,11 |

| | | | |
|---|---|---|---|
| **prejudiced** 24:21 | **Q** | 12:5 14:24 18:6 | **reverse** 14:15 17:3 |
| **pressure** 16:18 | **question** 5:17 7:3 8:7 11:3 17:12 20:13 23:14 | **relief** 4:6 | **reversed** 17:4 |
| **prevent** 14:17 | | **remand** 17:11 | **review** 7:1 9:5 10:12 12:17 13:22 |
| **preventing** 18:12 | **quick** 15:11,15 20:21 | **remands** 9:16 | **right** 3:24 5:13 6:9 7:7,17,21 10:12 11:23 13:7,9,15 14:7 15:1,3,10 16:12 21:13 23:13,15,17 24:2 26:11 |
| **prevents** 13:17 | **quo** 9:19,22 10:4 | **rendered** 10:15 | |
| **previous** 8:12 13:5 | **Quote** 6:22 | **reopen** 4:16 | |
| **prior** 15:2 | | **reporter** 15:6,7 | |
| **probably** 20:24 22:20 | **R** | **representing** 23:19 | **rights** 7:9 17:13 |
| **proceedings** 8:24 26:14 | **raised** 5:21 | **request** 6:3 14:9 | **Roman** 12:3,6 |
| **proposition** 19:24 | **read** 8:22 13:2 26:1 | **requirement** 3:19 10:5,9 | **Ropes** 9:23 |
| **provision** 5:19 6:4 8:16 20:12 | **ready** 22:11 | **requiring** 14:4 17:8 | **round** 20:16 |
| **pull** 10:20 | **reason** 7:4 | **research** 15:14 | **rule** 12:12,23 20:19 |
| **pursuant** 12:11 | **recall** 4:3 18:9 | **reserve** 24:19 | **ruling** 5:9,12,19 9:20 10:11 13:8,10 |
| **pursue** 17:20 | **refer** 6:21 | **resolve** 14:13 | |
| **pursuing** 18:13 | **refrain** 9:2 | **resolved** 16:19 | **S** |
| **push** 21:17 | **refrains** 6:22 | **respond** 15:17 | **saying** 7:16 19:3,18 |
| **pushing** 21:15 | **regard** 22:2,3 | **response** 20:2 | **says** 6:19 |
| **put** 5:11 11:23 14:10 21:11 | **related** 3:8 | **restrains** 12:15 | **schedule** 15:21,24 16:3, 9 23:24 24:7 |
| | **relates** 12:21 | **reversal** 17:7 | **second** |
| | **relating** | | |

Honorable Cecelia Horan
November 12, 2024

|  |  |  |  |
|---|---|---|---|
| 7:4 | 18:7 | **stress** | **talked** |
| **secret** | **sooner** | 25:14 | 7:5 |
| 18:4 20:10 | 16:5 | **strike** | **talking** |
| **secrets** | **sought** | 24:5 26:6 | 19:14 |
| 18:2 | 18:3 | **struggle** | **Technologies** |
| **see** | **Sound** | 21:14 | 3:5 |
| 6:14 23:23 | 15:15 | **stuff** | **tell** |
| **seek** | **sounds** | 22:6 26:1 | 4:23 6:11 8:22 |
| 4:17 19:3 | 19:2 | **subsequent** | 12:2 15:12 |
| 23:10,11 | **speaking** | 10:15 13:8 | 16:8 25:5 |
| **seeking** | 11:2 | **suggested** | **terms** |
| 4:5 7:9 9:21 | **Specifically** | 8:11 | 13:4 |
| 10:4 17:24 | 4:1 | **suggestion** | **Thanksgiving** |
| 18:5 20:8 | **spend** | 25:24 | 22:7 |
| **seeks** | 21:5 24:5 | **supposed** | **thing** |
| 4:2 | **spot** | 12:2 19:22 | 6:8 8:21 14:7 |
| **separate** | 16:6 | **Supreme** | 19:15 22:12 |
| 10:2 14:13 | **starters** | 12:11 | **things** |
| **September** | 4:20 | **survive** | 16:4 17:18 |
| 6:13 | **state** | 17:1 | 18:24 20:3 |
| **set** | 12:10 | **suspect** | **think** |
| 16:4 20:24 | **states** | 15:20 | 4:15 5:12 |
| **setting** | 6:20 | | 18:11 19:1 |
| 16:5 | **status** | ——— T ——— | 20:2,6,10,17 |
| **shape** | 5:5 9:19,22 | | 24:12,14,21 |
| 21:24 | 10:4 | **take** | **third** |
| **short** | **stay** | 8:17 14:9 | 12:6 |
| 6:18 15:24 | 3:20 14:22 | 15:17 16:24 | **three** |
| 16:3 | 15:9 18:20 | 17:9 19:9 | 11:14 12:7 |
| **simple** | 21:20 | 21:16 23:24 | **time** |
| 8:6 | **stayed** | 26:10 | 7:22 10:16,17 |
| **simply** | 5:16 7:2 8:9 | **taken** | 16:8,17 20:20 |
| 20:6 | **stays** | 6:2 | 21:5,12,14,16 |
| **situation** | 12:19 | **taking** | 22:11 23:1,20 |
| 9:19 | **sticking** | 6:24 9:4 | 24:5 |
| **sly** | 18:9 | 12:10,16 | **Timothy** |
| 20:20 | **stop** | **talk** | 3:4 |
| **solely** | 4:17 | 7:15 10:22 | **top** |
| | | 11:4,5 | 15:13 |

**totally**
  23:18
**trade**
  18:2,4  20:10
**treated**
  12:23
**tree**
  7:6
**trial**
  4:21  6:22  9:2
  12:5,13,15
**TRO**
  3:8,17,18  4:17
  18:18  23:11,13
**true**
  18:21
**trying**
  4:16  18:10
  21:17,23
**turn**
  11:4
**two**
  3:6  4:4  10:5
  11:12,13  14:13
  17:18  23:9
**type**
  19:22

---
**U**
---

**unaware**
  19:24
**understand**
  8:1  13:12
  24:21
**uphold**
  14:14,15
**upset**
  21:24

---
**V**
---

**versus**
  12:1

---
**W**
---

**waiting**
  5:8
**waive**
  13:8
**waived**
  7:17  17:12
**waiver**
  3:21  5:21  7:18
  8:3  14:24
  19:22,23  20:12
**waiving**
  7:9
**want**
  6:1,12  14:6
  18:16  19:5,6,
  18  21:4  22:14
  24:4,6,24
  25:3,19
**wasting**
  7:22
**way**
  11:19  17:2,17
  21:8,24
**week**
  24:10  25:21
**work**
  15:20  16:8
  18:12  22:23
  23:22  24:7
**working**
  21:1
**works**
  23:3

**wound**
  14:19
**wrong**
  7:6

---
**Y**
---

**yeah**
  4:2
**year**
  11:12

---
**Z**
---

**Zoom**
  21:3